**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETE N. CAMARGO, | Civil No.     11 CV 2955 DMS (PCL) |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION DENYING DEFENDANTS' MOTION TO DISMISS COMPLAINT AND GRANTING MOTION TO QUASH SERVICE OF SUMMONS** |
| JESSIE ROTNER; TORRAY SCALES; BRAWLEY POLICE DEPARTMENT, | **(DOC. 42.)** |
| Defendants. | |

## I. BACKGROUND

Plaintiff Pete N. Camargo is a state prisoner proceeding pro se in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983. (Doc. 1.)

On June 22, 2012, Defendants Jesse Rotner ("Rotner") and Torray Scales filed a Motion to Dismiss Complaint under Federal Rules of Civil Procedure Rule 41(b) ("Rule 41(b)") or alternatively, Motion to Quash Service of Summons under Federal Rules of Civil Procedure Rule 12(b)(5) ("Rule 12(b)(5)"). (Doc. 42.)  Defendants assert that Plaintiff failed to comply with the court order and to effectuate the service of process according to Federal Rules of Civil Procedure Rule 4 ("Rule 4"). (Id.)

For the reasons set forth below, this Court respectfully recommends that Defendants' Motion to Dismiss be **DENIED** and Motion to Quash Service of Summons be **GRANTED**.

//

## II. STATEMENT OF FACTS

On December 19, 2011, Plaintiff filed a civil rights claim under 42 U.S.C. § 1983 alleging that Defendants used excessive force when they arrested him at his home. (Doc. 1.) Plaintiff alleges that on May 6, 2010, Defendants entered his home without a search warrant and tasered him, and that Rotner punched him in the face and torso until he lost consciousness. (Doc. 1, at 5.) Plaintiff asks for punitive damages against all defendants, monetary damages against the Brawley Police Department for condoning the officers' conduct, and injunctive relief against the officers by demanding that they be terminated permanently. (Id.)

The summons were issued on February 21, 2012. (Doc. 12.) Plaintiff proceeding in forma pauperis filled out and returned forms USM-285 to the U.S. Marshals Service, naming Defendants and providing the address for the Brawley Police Department at 351 Main Street in Brawley. (Doc. 12-1, at 1; Doc. 13; Doc. 15.) On March 9, 2012, a deputy U.S. Marshal attempted service upon Defendants by serving Angelica Garcia, a community service officer. (Doc. 13; Doc. 15.) On March 28, 2012, Defendants filed a motion to quash service of summons, asserting improper service of process. (Doc. 18.) On May 8, 2012, this Court granted Defendants' motion to quash service, but also granted Plaintiff a 30 days extension for service of process. (Doc. 25.) On June 20, 2012, another deputy U.S. Marshal attempted service upon Defendants by serving Karen Farnese ("Farnese"), an administrative assistant at the Brawley Police Department. (Doc. 38; Doc. 40.) On June 22, 2012, Defendants filed a Motion to Dismiss Complaint or alternatively, Motion to Quash Service of Summons. (Doc. 42.) Plaintiff did not file an Opposition to Defendants' Motion. On July 24, 2012, Defendants filed a Reply to Opposition to Motion to Dismiss. (Doc. 45.) Defendants contend that Plaintiff failed to demonstrate proper service of process and good cause for a further extension. (Doc. 45, at 1-2.)

## III. DISCUSSION

Defendants assert that the complaint should be dismissed under Rule 41(b) because Plaintiff failed to comply with the court order and the Rule 4 service of process requirements. (Doc. 42-1, at 3-4.) Alternatively, Defendants move to quash the service of summons and strike the latest proofs of service for Plaintiff's failure to effectuate service under Rule 4. (Doc. 42-1, at 5.)

11cv2955 DMS (PCL)

**A. Involuntary Dismissal for Failing to Comply with Court Order (Fed. R. Civ. P. 41(b))**

Defendants contend that Plaintiff did not comply with the court order by failing to serve them within the court-imposed deadline. (Doc. 42-1, at 4.) Furthermore, Defendants claim that Plaintiff did not comply with Rule 4 by failing to serve them personally or by substitute service. (Doc. 42-1, at 3-4.)

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). However, "dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). The court must weigh the following five factors to determine whether an action should be dismissed for failure to prosecute or failure to comply with a court order: "(1) the public's interest in expeditiously resolving litigation; (2) the court's interest in managing its docket; (3) the defendant's interest in avoiding prejudice; (4) the public policy interest favoring disposition of cases on the merits; and (5) the availability of less drastic alternatives." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Upon dismissal for failure to prosecute, the party may not challenge any interlocutory orders entered by the district court. See Al-Torki v. Kaempen, 78 F.3d 1381, 1386 (9th Cir. 1996).

The court should not impose dismissal as a sanction without first considering less dramatic alternatives. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1132 (9th Cir. 2008); Von Poppenheim v. Portland Boxing and Wrestling Comm'n, 442 F.2d 1047, 1053 (9th Cir. 1971). Also, dismissal should not be imposed for delay of a party carrying out a court order where such delay is justified under the given circumstances. See O'Brien v. Sinatra, 315 F.2d 637, 642 (9th Cir. 1963) (finding that the failure to comply with the court order was the plaintiff's conscious and deliberate decision, not the result of misunderstanding or inadvertence).

The Court ordered Plaintiff on two occasions to serve copies of the summons and complaint upon Defendants. (Doc. 11; Doc. 25.) Through no fault of his own, Plaintiff failed to properly serve Defendants on both occasions. When Plaintiff fails to comply with the court orders, the Court may

dismiss the complaint as a sanction. <u>See</u> Fed. R. Civ. P. 41(b). However, in the instant matter, the Court should not dismiss the complaint because Plaintiff exercised reasonable diligence in following the court orders by properly and timely providing the necessary information to the U.S. Marshals Service for service of process, and therefore, Plaintiff's delay to carry out the court orders was justified.

When the plaintiff proceeds in forma pauperis, the court must order that "service be made by a United States marshal or deputy marshal ...." Fed. R. Civ. P. 4(c)(3). Therefore,

> [the] plaintiff ... is entitled to rely on the U.S. Marshal for service of the summons and complaint, and having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal ... has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure.

<u>Puett v. Blanford</u>, 912 F.2d 270, 275 (9th Cir. 1990), <u>abrogated on other grounds by</u> <u>Sandin v. Conner</u>, 515 U.S. 472 (1995).

According to the U.S. Marshals Service's Process Receipt and Return form, Plaintiff provided the necessary information such as Defendants' names, titles, and the address of their workplace to the U.S. Marshals Service and relied on them for service of the summons and complaint. (Doc. 11; Doc. 38; Doc. 40.) However, the deputy U.S. Marshal failed to comply with Rule 4 because he attempted to serve Farnese, who was not the authorized agent to receive service of process on Defendants' behalf. (Doc. 38; Doc. 40; Doc. 42-1, at 3.)

Also, Plaintiff requested the U.S. Marshals Service for service on Defendants on May 16, 2012, only about a week after the Court granted an extension for service of process. (Doc. 38; Doc. 40.) However, the deputy U.S. Marshal did not attempt service upon Defendants until June 20, 2012, more than a month after Plaintiff made his request. (<u>Id.</u>)

Therefore, insufficient service of process is not attributable to Plaintiff. <u>Puett</u>, 912 F.2d at 275 (determining that the plaintiff should not be penalized for failing to accomplish proper service because such failure was not due to his own neglect); <u>see also</u> <u>Mullen v. Surtshin</u>, 590 F. Supp. 2d 1233, 1243 (N.D. Cal. Dec. 19, 2008) (determining that the lack of service is not because of any failure on plaintiff's part, but because of Marshal's failure to take proper steps to make the requested service).

1   Accordingly, this Court recommends Defendants' Motion to Dismiss Complaint be DENIED.

2   **B. Dismissal based on Insufficient Service of Process (Fed. R. Civ. P. 12(b)(5))**

3   Alternatively, Defendants contend that the service of process should be quashed because

4   Plaintiff failed to properly serve them with copies of the summons and complaint under Rule 4. (Doc.

5   42-1, at 5.) Defendants assert that the service of process was insufficient because the U.S. Marshal's

6   attempt to serve Farnese did not constitute personal or substitute service. (Id.)

7   A defendant may challenge an action where service of process is insufficient. Fed. R. Civ. P.

8   12(b)(5). When service of process is insufficient, the district court has discretion either to dismiss the

9   action or to quash the service that has been made on the defendant. Stevens v. Security Pac. Nat'l

10  Bank, 538 F.2d 1387, 1389 (9th Cir. 1976); see also United States v. Distribuidora Batiz CGH, S.A.

11  De C.V., No. 07-cv-370, 2009 WL 2487971, at *9 (S.D. Cal. Aug. 10, 2009).

12  Rule 4 lays out different ways to serve an individual. First, it permits service of process upon

13  an individual according to state law. Fed. R. Civ. P. 4(e)(1). In California, service of process upon an

14  individual inside the state may be accomplished through: (1) personal delivery of the summons and

15  complaint on the defendants, Cal. Civ. Proc. Code § 415.10 (West 2004); (2) substitute service upon

16  another "person apparently in charge" of the defendant's office or place of business, id. § 415.20; (3)

17  mail service coupled with an acknowledgment of receipt, id. § 415.30; or (4) by publication, id. §

18  415.50. However, Plaintiff must demonstrate that he used reasonable diligence to personally serve

19  Defendants before resorting to substitute service. Id. § 415.20. Second, Rule 4 also allows service

20  upon an individual by "delivering a copy of the summons and complaint to the individual personally;

21  leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable

22  age and discretion who resides there; or delivering a copy of each to an agent authorized by

23  appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(A)-(C). However,

24  "service on the police department does not constitute valid service on its individual officer." Hupp v.

25  San Diego Cnty. Dist. Att'y., No. 12-cv-492, 2012 WL 2887229, at *5 (S.D. Cal. July 12, 2012).

26  Plaintiff bears the burden of establishing the validity of service of process. Brockmeyer v.

27  May, 383 F.3d 798, 801 (9th Cir. 2004). However, Plaintiff failed to establish that the method of

28

11cv2955 DMS (PCL)

service was proper under both Rule 4(e)(1) and state law. First, Plaintiff did not show that Defendants were served personally or by certified mail with acknowledgment of receipt. <u>See</u> Cal. Civ. Proc. Code §§ 415.10, 415.30 (West 2004). Second, Plaintiff did not establish that the Brawley Police Department was Defendants' usual place of business or that Farnese was "a person apparently in charge" of that office. <u>Id.</u> § 415.20(b) (West 2004); <u>see</u> <u>also</u> <u>Ellard v. Conway</u>, 94 Cal. App. 4th 540, 546-47 & n.3 (2001) (determining that substitute service is effectuated under Section 415.20 by leaving the summons and complaint with a person apparently in charge).

Plaintiff also failed to establish the method of service was proper under Rule 4(e)(2). Plaintiff neither served Defendants personally nor left copies of the summons and complaint at Defendants' dwelling or usual place of abode. <u>See</u> Fed. R. Civ. P. 4(e)(2)(A)&(B). Also, although Plaintiff served Farnese, he did not establish that she was "an agent authorized by appointment or by law to receive service of process" on Defendants' behalf. <u>Id.</u> 4(e)(2)(C).

As described above, however, insufficient service of process is not attributable to Plaintiff because the U.S. Marshals Service failed to effectuate the service of process pursuant to Rule 4 when Plaintiff provided all necessary information and relied on the U.S. Marshals Service for service. (Doc. 38; Doc. 40.) Therefore, Plaintiff should not be penalized for failure to effectuate service.

Accordingly, this Court recommends Defendants' Motion to Quash Service of Process be GRANTED. Additionally, this Court will direct the U.S. Marshals Service to make further inquiry of the Brawley Police Department and Defendants' attorney regarding Defendants' last known addresses and re-attempt service upon Defendants according to Rule 4.

//

//

//

//

//

//

//

## IV. CONCLUSION

For the forgoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, (2) directing that Defendants' Motion to Dismiss be **DENIED**, and (3) directing that Defendants' Motion to Quash be **GRANTED**.

**IT IS ORDERED** that:

1. The Clerk of the Court is directed to forward a copy of this Order to the U.S. Marshal.

2. Within 30 days from the date of this Order, the U.S. Marshal is directed to make further inquiry of the Brawley Police Department and Defendants' attorney regarding Defendants' last known addresses. If they are unable to locate Defendants or their last known locations, some explanation should be proffered as to why they lack such information.

3. Should the Brawley Police Department and Defendants' attorney be unable to locate Defendants or Defendants' last known addresses, the U.S. Marshal shall file their responses and explanation with the Court. If necessary to maintain the confidentiality of information provided by the Brawley Police Department and Defendants' attorney pursuant to this Order, the U.S. Marshal may file the responses under seal.

4. Within 10 days of receipt of Defendants' last known addresses, the U.S. Marshal shall notify Defendants of the commencement of this action and to request a waiver of service of summons in accordance with the provisions of Rule 4(d) and 28 U.S.C. § 566(c). If the waiver of service of summons is not returned by Defendants within 60 days from the date of mailing the request for waiver:

   a. The U.S. Marshal shall personally serve process and a copy of this order upon Defendants pursuant to Rule 4 and 28 U.S.C. § 566(c) and shall command all necessary assistance from the Brawley Police Department and Defendants' attorney to execute this Order.

   b. Within 10 days after personal service is effected, the U.S. Marshal shall file the return of service for Defendants, along with the evidence of any attempts to secure a waiver of service of summons and of the costs incurred in effecting service on Defendants. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshals Service

11cv2955 DMS (PCL)

1   for photocopying copies of the summons and complaint and for preparing new USM-285 forms, if

2   required. Costs of the service will be taxed against the personally served Defendants in accordance

3   with the provisions of Rule 4(d)(2).

4          c. Should the U.S. Marshal unable to personally serve Defendants, the U.S. Marshal

5   shall effectuate substitute service as follows: by leaving copies of the summons and complaint at

6   Defendants' dwelling or usual place of abode with someone of suitable age and discretion who resides

7   there, Fed. R. Civ. P. 4(e)(2)(B); by delivering copies of the summons and complaint to an authorized

8   agent capable of receiving service of process, id. 4(e)(2)(C); through substitute service upon another

9   "person apparently in charge" of the defendant's office or place of business, Cal. Civ. Pro. Code §

10  415.20; through mail service coupled with an acknowledgment of receipt, id. § 415.30; or by

11  publication, id. § 415.50.

12         For example, if the Brawley Police Department is still Defendants' usual place of

13  business, the U.S. Marshal may effectuate substitute service by serving the Chief of Police at the

14  Brawley Police Department because the Chief of Police would be the person in charge of the

15  department, and it is more likely than not the Chief of Police would deliver the summons and

16  complaint to Defendants. See Cal. Civ. Proc. Code § 415.20 (allowing substitute service upon another

17  "person apparently in charge" of the defendant's office or place of business); see also Ellard, 94 Cal.

18  App. 4th at 546 ("Service must be made upon a person whose relationship with the person to be served

19  makes it more likely than not that they will deliver process to the named party.").

20         Also, substitute service can be effectuated under Rule 4(e)(2)(C) by serving

21  Defendants' counsel. However, Defendants' counsel does not automatically become Defendants' agent

22  capable of accepting service merely because of the power of representation. United States v. Ziegler

23  Bolt and Parts Co., 111 F.3d 878, 881 (Fed. Cir. 1997). Rather, Defendants must authorize their

24  counsel to receive service of process in order for Defendants' counsel to accept service. Id. Therefore,

25  if Defendants have appointed their counsel to receive service of process on their behalf, the U.S.

26  Marshal may serve Defendants' counsel. As a courtesy to this Court, this Court asks Defendants'

27

28

1  attorney to disclose whether he or his firm is authorized by Defendants as Defendants' designated

2  agent to receive service of process.

3      5. No later than **September 7, 2012**, any party to this action may file written objections with

4  the Court and serve a copy on all parties. The document should be captioned "Objections to Report

5  and Recommendation."

6      6. Any reply to the objections shall be filed with the Court and served on all parties no later

7  than **September 21, 2012**. The parties are advised that failure to file objections within the specified

8  time may waive the right to raise those objections on appeal of the Court's order. See Turner v.

9  Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

10  **IT IS SO ORDERED.**

11

12  DATED: August 6, 2012

13  Peter C. Lewis
    U.S. Magistrate Judge

14  United States District Court

15  CC:      ALL PARTIES AND COUNSEL OF RECORD

16

17

18

19

20

21

22

23

24

25

26

27

28

11cv2955 DMS (PCL)

9