# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE N. CAMARGO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JESSIE ROTNER; TORRAY SCALES,<br><br>　　　　　Defendants. | Civil No.　11-CV-2955-DMS-(PCL)<br><br>**REPORT AND RECOMMENDATION DISMISSING CASE FOR FAILURE TO LITIGATE.** |

PETER C. LEWIS, United States Magistrate Judge.

　　This Report and Recommendation is submitted to the Honorable Dana M. Sabraw, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(f) of the United States District Court for the Southern District of California.

## I.
## INTRODUCTION

　　Plaintiff Pete Camargo proceeds pro se in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983. [Doc. No. 1.] Plaintiff alleges violations of his 8th Amendment rights against use of excessive police force and cruel and unusual punishment and his 14th Amendment due process rights.

　　Defendant Brawley Police Department filed a motion to dismiss for failure to state a claim on July 26, 2012. [Doc. No. 17.] Plaintiff was granted leave to file an

amended complaint alleging the policies and customs of Brawley's police department caused the constitutional violation alleged by plaintiff's complaint. [Doc. No. 44.] Plaintiff did not timely amend his complaint, and did not respond to the Magistrate Judge's Report and Recommendation, recommending to grant Defendant's motion to dismiss. As a result, the district court accepted the Report and Recommendation and the case was dismissed as to Defendant Brawley Police Department. [Doc. No. 56.] The claims against Defendants Rotner and Scales proceeded and an Early Neutral Evaluation meeting (ENE) was scheduled for February 28, 2013. [Doc. No. 57.]

Plaintiff spoke with the law clerk assigned to this case approximately one week prior to the ENE. In this conversation Plaintiff was made aware that attendance at the ENE was mandatory. Furthermore, Plaintiff, as a non-registered electronic filing user was served with this information via U.S. Mail Service. [Doc. No. 58.] Plaintiff failed to file an ENE brief or attend the ENE.[1] [Doc. No. 58.] Accordingly, Plaintiff was ordered to show cause as to why sanctions should not be imposed for failure to appear and why the case should not be dismissed for failure to litigate. [Doc. No. 59.] Plaintiff was ordered to file a memorandum no later than April 5, 2013. Plaintiff was also ordered to appear before the Court to show cause why this Court should not impose sanctions pursuant to Local Civil Rule 83.1 and why Plaintiff's case should not be dismissed for failure to litigate. The hearing was scheduled for April 17, 2013. [Doc. No. 59.] Plaintiff failed to both file the memorandum and attend the hearing. [Doc. No. 60.] With the exception of the phone call prior to the ENE conference in February, Plaintiff has failed to act on his case for over ten months.

///
///
///
///
///

---

[1] Defendants traveled from San Diego and Riverside to attend the ENE and waited approximately ninety minutes for Plaintiff.

## II.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure, the district court may dismiss an action for failure to litigate or comply with any court order[2]. In determining whether to dismiss an action for want of litigation, district courts are directed to liberally construe pro se plaintiff's inartful pleading. <u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982). In determining whether to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b), the district court weighs five factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives. <u>Henderson v. Duncan</u> 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, Plaintiff has given the litigation that he pursues minimal diligence. Plaintiff failed to file an ENE brief, attend the ENE, and ignored the order to show cause, despite the warning that his failure to litigate could result in dismissal. The last noted action on Plaintiff's complaint on the docket was filing Process Receipt and Return documents for the three original Defendants on June 20, 2012. This inaction goes beyond the permissive "inartful pleading" of a pro se plaintiff and represents a long-term failure to litigate. Given that Defendants have timely complied with all orders of the Court, Plaintiff's failure to prosecute for almost eleven months has created an inordinate delay for both Defendants and the Court in bringing this matter to an expeditious conclusion. Additionally, Local Rule 41.1 provides that actions pending in excess of six months without any proceeding or discovery may be dismissed for want of prosecution. Per Local Rule, this dismissal is without prejudice unless otherwise ordered, however, dismissing this case with prejudice, per Federal Rule of Civil Procedure 41(b) would not be an abuse of the district court's discretion. Accordingly, this Court recommends that Plaintiff's case be dismissed with prejudice.

---

[2]Fed. R. Civ. P. 41(b).

## III.

## CONCLUSION

For the forgoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, (2) dismissing this action and all claims with prejudice against Defendants Rotner and Scales.

**IT IS ORDERED** that no later than **June 4, 2013**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **June 18, 2013**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998; Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: May 7, 2013

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

CC:    ALL PARTIES AND COUNSEL OF RECORD